# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DIONELL PAYNE         )
(#2012-1019167),         )
        )
        Plaintiff,         )
        )
        v.         )         15 C 5970
        )
        )
FEDERAL GOVERNMENT, et al.,         )
        )
        Defendants.         )

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant United States' ("Defendant") motion to dismiss [13] Plaintiff Dionell Payne's ("Payne") complaint because Payne failed to exhaust his administrative remedies prior to filing suit. Defendant also argues that Payne has not named the proper parties and has made claims for relief unavailable under the Rehabilitation Act. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

Payne is currently in custody at the Cook County Jail and filed the instant suit pursuant to 28 U.S.C. § 1331, *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794. Payne alleges he is a tetraplegic (paralyzed from the neck down) and that from November 10, 2014 to

November 14, 2014, he was denied accommodation in transport and facilities while at the federal courthouse in Chicago for a civil trial. He alleges that there were issues with his wheelchair in the elevator such that it had to be disassembled. He also claims that he had problems using the bathroom facilities (sink and toilet), and that he was unable to change his clothes for his trial.

On initial review pursuant to 28 U.S.C. § 1915A, the Court dismissed Payne's claims brought pursuant to 28 U.S.C. § 1331, *Bivens*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. However, the Court allowed Payne to proceed on his claim brought pursuant to § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendant moves for dismissal of the remaining claim asserting that Payne failed to exhaust his administrative remedies as required prior to filing suit.

Defendant establishes in its motion that both the U.S. Marshal Service (through the U.S. Department of Justice) and the General Services Administration ("GSA") have promulgated rules relating to the Rehabilitation Act and argues that Payne had to follow the administrative procedures provided for making complaints. Defendant further establishes, through affidavits, that Payne did not exhaust his administrative remedies prior to filing suit. *See* Dkt. 14, Ex. 1 and 2. However, Defendant fails to show that the administrative remedies were available to Payne under the facts alleged.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") "tests the sufficiency of the complaint, not the merits of the case."

*McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678. Additionally, it is well established that *pro se* complaints are to be liberally construed and *pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

**DISCUSSION**

## I. Exhaustion of Administrative Remedies

Defendant argues that Payne's complaint should be dismissed pursuant to Rule 12(b)(6) because Payne failed to exhaust his administrative remedies prior to bringing suit pursuant to § 504 of the Rehabilitation Act. 29 U.S.C. § 794. The Court notes that if Payne were not a prisoner, his case, based on §504 (as opposed to §501) of the Rehabilitation Act, "would proceed directly to court, free of any requirement to exhaust administrative review." *Hewitt v. United States OPM*, 390 F. Supp. 2d 685, 690 (N.D. Ill. 2005) (*citing Wagner v. Ill. Dep't of Pub. Aid*, No. 98 C 7268, 2004 WL 2515836, at *6 (N.D. Ill. Nov. 5, 2004)). "Section 504 of the Rehabilitation Act utilizes the remedies, procedures and rights applicable to Title VI of the Civil Rights Act of 1964, and nothing in the language of Title VI or § 504 requires exhaustion." *Hewitt*, 390 F. Supp. 2d at 690 (citing 29 U.S.C. § 794a (a)(2)).

However, as a prisoner, alleging violation of a federal statute relating to his conditions of confinement, Payne does have an exhaustion requirement. The Prisoner Litigation Reform Act ("PLRA") requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Proper use of the facility's grievance system requires a prisoner to "file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Woodford*, 548 U.S. at 87. Payne was a prisoner at the time he was transported to the federal courthouse in Chicago, a GSA facility, and into the custody of the U.S. Marshal for his civil trial. Accordingly, the PLRA applied to Payne during the relevant time period.

Defendant argues that Payne "has not pleaded that he filed a claim with either agency [GSA or the U.S. Marshal]" about the alleged lack of accommodation in November 2014. However, a prisoner's failure to exhaust administrative remedies before filing a claim arising under federal law is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, a defendant has the burden of pleading and proving the defense. *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

While Defendant has established that Payne did not file a grievance, it has not established that the administrative remedies were available to Payne under the facts pleaded. The Seventh Circuit has held that the relevant inquiry when determining whether administrative remedies are unavailable is to focus on whether the plaintiff

did all he could to avail himself of the administrative process. *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006). If he followed the prescribed steps and could do nothing more, then available remedies were exhausted. *Id*. at 811. Payne, in his response to Defendant's motion, asserts that as a county detainee he was only familiar with the jail's grievance procedures. *See* Dkt. 1, p. 1. Payne also responds that he notified the U.S. Marshal that he was disabled and they did nothing to accommodate him. *Id*. He further contends that he complained to the judge trying his case and the attorney recruited to assist him in the trial, and was not accommodated. *Id*. at p. 2.

Payne returned to the custody of the Cook County Jail,[1] upon the completion of his three and a half day trial. While Payne was in court he attempted to determine what the procedure was to make a complaint about the lack of accommodations and received no assistance. "[A]uthorities cannot immunize themselves from suit by establishing procedures that in practice are not available because they are impossible to comply with or simply do not exist." *King*, 781 F.3d at 893. Further, prisoners are only "required to exhaust grievance procedures they have been told about." *Id*. at 896. Thus, "only reasonably publicized procedures must be exhausted." *Harper v. Dart*, No. 14 C 01237, 2015 WL 3918944, at *3 (N.D. Ill. June 24, 2015).

---

[1] Although it is unclear from the pleadings, it may be that Payne was returned to the custody of the Cook County Jail at the end of each day of trial and transported every morning back to the courthouse to attend his trial. In any event, Payne was held in the courthouse during those three and a half days, in effect, in custody.

Based on the information before the Court that Payne was only in the courthouse for three and a half days, that he asked for assistance from multiple people/entities and that there is no indication that the procedures cited to by Defendant in their motion were published or otherwise available to Payne while he was in the courthouse, the Court finds that Defendant has not established that the administrative procedures that Payne was required to exhaust with the U.S. Marshal and GSA were available to Payne. While Defendant cites to *Crowder v. True,* No. 91 C 7427, 1993 WL 532455 (N.D. Ill. Dec. 21, 1993) and *Cooke v. U.S. Bureau of Prisons*, 926 F. Supp. 2d 720 (E.D.N.C. 2013) to support its exhaustion argument, both cases are factually distinguishable from the instant matter.[2] Accordingly, the Court denies Defendant's motion to dismiss with respect to failure to exhaust administrative remedies.

## II. Defendant's Additional Arguments

Initially, Defendant argues that Payne sued the wrong Defendant in naming the federal government. In its initial review Order of October 26, 2015, the Court construed the complaint as against the United States. Defendant is correct in that the claim must involve action or inaction "under any program or activity conducted by

---

[2]     In *Crowder*, the plaintiff brought suit regarding conditions in the Metropolitan Correctional Center in Chicago, Illinois where he was being held full-time, thus presumably the grievance procedure would have been made available to him or he would have had time to figure out how to pursue it as opposed to Payne who was only held in the courthouse for a period of three and a half days. *Crowder*, 1993 WL 532455, at *1. The court in *Cooke* found that the plaintiffs were not "prisoners" as defined by the PLRA and therefore, they were not subject to the PLRA's exhaustion requirements. *Cooke*, 926 F. Supp. 2d at 726.

any Executive agency . . .".  29 U.S.C. § 794a (a).  As Defendant concedes, the U.S. Marshal Service is a part of the Department of Justice, an executive agency.  The GSA is also an executive agency.  *See* 40 U.S.C. § 301.  Thus, Defendant is correct in its assertion that the named Defendant is not technically correct.  However, counsel for the United States would also be representing the correct Defendants: the U.S. Marshal Service and the GSA.  In light of this fact, and considering that this case was filed almost one year ago, in lieu of requiring Payne to submit a proposed amended complaint, the Clerk is directed to amend the caption of the complaint to name as the Defendants the U.S. Marshal Service and the General Services Administration.

Additionally, Defendant argues that compensatory and punitive damages are unavailable under the Rehabilitation Act.  However, Defendant's argument regarding compensatory damages is incorrect, as courts have found that compensatory damages are available under the Rehabilitation Act, but only for claims of intentional discrimination.  *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 & n.4 (7th Cir. 2014) (citing *Barnes v. Gorman*, 536 U.S. 181, 186-90 (2002)).  Defendant is correct that Payne cannot recover punitive damages.  *See id.*

Payne may also be entitled to injunctive relief because, although he is no longer in custody in the federal courthouse, thus rendering such relief moot, *see Pearson v. Welborn,* 471 F.3d 732, 743 (7th Cir. 2006), this case continues.  The Court finds that because Payne is pursuing this litigation and it is ongoing, his claim is subject to the exception to mootness doctrine known as "capable of repetition yet evading review."

*See Spencer v. Kemna*, 523 U.S. 1, 17 (1998). Thus, Defendant's motion is denied with respect to Payne's claim for relief, as Payne may be entitled to injunctive relief.

Finally, Defendant's reply states that Payne is attempting to amend his complaint in his response to its motion. To the extent Payne is attempting to amend his complaint to resurrect claims dismissed in the Court's Order from October 26, 2015, or to raise new claims, he may not do so as he has not corrected the deficiencies leading to dismissal and he may not amend his complaint piecemeal. To the extent Payne believes he has additional claims that he can pursue, subject to the requirements of Federal Rule of Civil Procedure 11(a), he may submit a proposed amended complaint, but he should not attempt to resurrect claims that have been dismissed unless he can cure the deficiencies that led to dismissal on October 26, 2015.

## CONCLUSION

For the aforementioned reasons, the Court denies Defendant United States' motion to dismiss [13]. The Clerk is directed to amend the caption of the complaint to indicate that the U.S. Marshal Service and the General Services Administration are the proper Defendants. This matter is set for status on June 30, 2016 at 9:30 a.m. to discuss the issue of whether defense counsel can accept service for the proper Defendants and to set a deadline for their answer.

Date: 6/17/2016

Charles P. Kocoras
United States District Judge

9