# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIONELL PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15 C 5970 |
| | ) |
| UNITED STATES MARSHALS SERVICE and GENERAL SERVICES ADMINISTRATION, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Dionell Payne is paralyzed from the neck down and uses a wheelchair. Back in 2014, an earlier lawsuit that Mr. Payne had filed went to trial before a jury and the undersigned judge. For several days in November 2014, Mr. Payne was transported to the Dirksen Courthouse for the trial. The accommodations were not good. Personnel of the U.S. Marshals Service had to take the foot rests off of Mr. Payne's wheelchair and "squish" him into an elevator in an uncomfortable manner because the elevator was too small to accommodate him and his wheelchair. Next, he had to change out of prison garb and into civilian clothing in a holding cell that was not handicap-accessible and lacked rails and grips that he needed to steady and reposition himself. Mr. Payne says that as a result of these inadequate accommodations, he fell and injured himself, causing spasms and neck pain. Mr. Payne made complaints but was given the brush-off. He later filed the present lawsuit, suing the Marshals Service

and the General Services Administration.

If even half of what Mr. Payne alleges is true, he was treated shamefully. No person with a disability should be precluded from equal access to a courthouse, yet that is exactly what happened. Inexplicably, no one from the Marshals Service, the GSA, or the Department of Justice has ever expressed any regret for how Mr. Payne was treated. He deserves an apology. The Court—which, after all, presided over the trial during which all of this happened—humbly apologizes to Mr. Payne for the way he was treated. The conditions to which he was subjected were degrading, and this should not have happened. The Court assures Mr. Payne that in subsequent trials involving disabled persons in the Dirksen Courthouse—including at least one involving the undersigned judge—we have done far better.

Unfortunately, however, Mr. Payne does not have a viable lawsuit. He sued for both damages and an injunction. The judge to whom the case was previously assigned dismissed the claim for damages, relying on a controlling Supreme Court decision, *Lane v. Pena*, 518 U.S. 187 (1996), in which the Court held that the doctrine of sovereign immunity bars claims for damages against the government under the Rehabilitation Act. That ruling was clearly correct based on the Supreme Court's decision, so the Court overrules Mr. Payne's request for reconsideration. If he wishes, Mr. Payne can appeal the ruling to the Seventh Circuit.

More recently, after attempting unsuccessfully to settle the case, the Court came to believe that Mr. Payne might not have a viable claim for injunctive relief, because that sort of a claim requires a risk of future harm. The Court ordered both parties to file written submissions on this point. Mr. Payne did not make a written submission (other

2

than his request to overrule the dismissal of his claim for damages), but the government did.

The Court now concludes that Mr. Payne lacks standing to pursue a claim for injunctive relief. For standing to exist in this situation, Mr. Payne cannot rely simply on the past harm that he experienced; he must show a threat of future injury that is real and immediate and not conjectural. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 658 (7th Cir. 2011). Mr. Payne faces no such risk. His earlier lawsuit is concluded, and the only case he has pending in this district is the present case. And at present, Mr. Payne is no longer in custody, having been released on parole. Thus even if one were to assume, for purposes of discussion, that the pendency of the present case can appropriately be considered, were the case to go to trial Mr. Payne would attend the trial as a free man, not a prisoner, and thus he would not be subjected to the control of the Marshals Service or to holding cells and other areas where prisoners who are on trial are held.[1]

Because Mr. Payne cannot show any realistic, non-conjectural threat of future injury from the conditions he challenges, the Court dismisses his claim for injunctive relief for lack of standing.

## Conclusion

The Court also denies plaintiff's motion for reconsideration of the damages ruling for the reasons stated above [92] and dismisses his claim for injunctive relief. As this is

---

[1] In any event, there are currently ADA-compliant holding cells on the 10th floor of the Dirksen Courthouse, and were the present case to go to trial, the Court would hold the trial on that floor, as it did in at least one recent case involving a prisoner confined to a wheelchair.

3

the last remaining claim in the case, the Court directs the Clerk to enter judgment dismissing the case in its entirety.

Date: November 8, 2018

_____
MATTHEW F. KENNELLY
United States District Judge